IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RONALD SATISH EMRIT,

Plaintiff,

v.

ELON MUSK, VIVEK RAMASWAMY,
Speaker of the House MIKE JOHNSON,
And the DEPARTMENT OF GOVERNMENT
EFFICIENCY

Defendants.

Case No. 1:25-cv-00071-CL

**OPINION AND ORDER**

**CLARKE**, Magistrate Judge.

Plaintiff Ronald Satish Emrit, self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against Defendants Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson, and the Department of Government Efficiency. For the reasons below, Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days of this Order. Plaintiff's IFP application (ECF No. 2) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant

Page 1 – OPINION AND ORDER

to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, a court must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, a court should construe pleadings by a pro se plaintiff liberally and afford a pro se plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The first prong of the IFP assessment is satisfied. Mr. Emrit is financially eligible to proceed IFP. The second prong of the IFP assessment, however, has not been met. Mr. Emrit's Complaint fails to state a claim upon which relief may be granted and lacks any basis upon which this Court can find personal jurisdiction or venue exists.

When addressing a failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), courts apply the federal pleadings standards required under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court is not required to accept legal conclusions, unsupported by facts, as true. *Id.*

Here, Plaintiff alleges that Defendants violated his civil and constitutional rights by "trying to make one trillion dollars['] worth of budget reduction[s] in the United States which would affect the lives of poor people of all races and ethnicities in the United States," but Plaintiff does not identify Defendants' specific acts against him to show why he is entitled to the relief requested. Without factual matter clarifying what happened to Plaintiff personally, how Defendants were responsible for it, and what laws were violated in the process, the Complaint does not raise a plausible claim, nor a reasonable inference that Defendants are liable for any misconduct.

District courts must have personal jurisdiction over the parties. Fed. R. Civ. P. 12(b)(2). A court's ability to exercise personal jurisdiction is a question of law that implicates state and federal requirements, both of which must be satisfied. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir.2002). Where a state's long-arm statute extends personal jurisdiction to the extent permitted under federal due process, the two requirements collapse into a single federal due process inquiry, as is the case in Oregon. *See* Or. R. Civ. Pro. 4; *Indoor Billboard Northwest Inc. v. M2 Systems Corp.*, 922 F. Supp. 2d 1154, 1163—64 (D. Or. 2013). Federal due process requires that nonresident defendants have "certain minimum contacts" with the forum state, such that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Sufficient minimum contacts exist where (1) the defendant has "substantial" or "continuous and systematic" contacts with the forum state—i.e.

Page 3 – OPINION AND ORDER

"general jurisdiction," or (2) there is a strong relationship between the defendant's forum contacts and the cause of action—i.e. "specific jurisdiction." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986). *See also Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995).

Here, the Complaint lacks any allegations that could give rise to personal jurisdiction. None of the defendants are residents of Oregon, and the events alleged all occurred outside of Oregon. There is nothing to indicate that Defendants made any contact with Oregon at all, much less the level of contact required for this Court to exercise personal jurisdiction over Defendants.

A district court must also be the proper venue to hear the matter. Under 28 U.S.C. § 1391, a civil action may be brought in any judicial district in which either the defendant resides or a substantial part of the events giving rise to the claim occurred. As stated, the Complaint does not allege that any defendant resides in Oregon, nor that any event occurred in Oregon. This Court is therefore not the proper venue for this matter.

It is unclear whether amendment will cure the deficiencies in Plaintiff's Complaint. Out of an abundance of caution, the Court will dismiss without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order. Plaintiff should consult the Court's website at <ord.uscourts.gov> for important and helpful information regarding self-representation.

## ORDER

Plaintiff's Complaint (ECF No. 1) is DISMISSED without prejudice and with leave to file an amended complaint within thirty (30) days from the date of this Order. Plaintiff is advised that failure to file an amended complaint within the allotted time, or failure to cure the deficiencies identified above, will result in the case being dismissed with prejudice. Plaintiff's

IFP application (ECF No. 2) is held in abeyance and will be reconsidered upon the filing of an amended complaint.

DATED this 23 day of January, 2025.

MARK D. CLARKE
United States Magistrate Judge

Page 5 -- OPINION AND ORDER